Lula May Kendrick, by her next friend, T. T. Oughterson, v. Ideal Holding Company, and Roan Kelly.

188 So. 778.
Opinion Filed May 9. 1939.

*Carroll Dunscombe,* for Plaintiff in Error;

*Fee & Liddon,* for Defendants in Error.

Buford, J.—Writ of error brings for review judgment on demurrer sustained to second amended declaration.

The defendant in error has concisely stated four questions presented and plaintiff in error states in the reply brief that such are the questions to be determined. They are as follows:

"1. Was the plaintiff who was employed as a field laborer and as a part of her contract of service received transportation to and from the fields, a fellow servant of the operator of the vehicle on which she was being transported?"

"2. Does a farmer, who under his contract of employment with his field laborer, transports said laborers to and from the fields as a part of their compensation, come within the purview of Chapter 14764, Legislative Acts of 1931, Florida, (Sections· 1335 [1] 1335 [30] Per Supp. to C. G. L. of Fla.) so that it becomes necessary for said farmer to procure a certificate of convenience from the Florida Railroad Commission or post a bond for the protection of said laborers while being transported?"

"3. Does a count in a declaration against two defendants associated in a farming operation, for the recovery of damages for personal injuries state a good cause of action when the sole charge contained therein is the unlawful employment of a minor in a hazardous occupation to-wit: to ride on a motor vehicle of a private contract carrier over the public highway of the State of Florida and contrary to the statute, Sec. 14, Ch. 5687, Legislative Acts of 1907, Florida (Sec. 4030 R. G. S. of 1920, Sec. 5953 C. G. L. 1927)?"

"4th. Does a count.in a declaration against two defendants being sued as associated in a farming operation for the recovery of damages for personal injuries state a good cause of action when the sole charge contained therein is the unlawful employment of the minor plaintiff 'contrary to the statutes of Florida' to-wit: Sec. 1, Ch. 3290, Legis-

lative Acts of 1881, Florida (Sec. 5750 R. G. S. of 1920, Sec. 7978 C. G. L., 1927)?"

In answer to the second and third questions we must hold that the contentions of the plaintiff in error are not well founded. A farmer who uses his truck for the purpose of transporting his laborers to and from his fields, to and from their places of residence, even though the truck in the performance of this service may travel on the public highway, does not thereby become a contract carrier within the purview of Chapter 14764, Acts of 1931.

Under the circumstances stated above, the farmer is not brought within the purview of Sec. 4030 R. G. S., 5953 C. G. L., prohibiting the employment of children under sixteen years of age in dangerous occupations.

It is not necessary for us to answer the fourth question because the declaration does not allege sufficient facts to state a cause of action based on a violation of the provisions of Sec. 5750 R. G. S., 7978 C. G. L.

The allegations of the first amended declaration in the latter regard are found in the 8th and 9th counts, which are as follows:

## "VIII

"And for her eighth count the plaintiff sues the defendants for that the defendants by and through their agent unlawfully employed the plaintiff, a minor girl of fourteen (14) years of age contrary to the statutes of Florida therein made and provided for her protection to-wit: Section 7978 C. G. L. of Florida, and as a result of such unlawfully act the plaintiff was permanently injured, suffered great loss of blood and mental and physical pain and will be disabled to earn her livelihood after she reaches her majority.

"IX

'And for her ninth count the plaintiff sues the defendants for that the defendants by and through their servant unlawfully employed the plaintiff, a minor girl of fourteen (14) years of age contrary to the Statutes of Florida therein C. G. L. of Florida, and as a result of such unlawfully act the plaintiff was permanently injured, suffered great loss of blood and mental and physical pain and will be disabled to earn her livelihood after she reaches her majority."

We advert now to the first question, *supra.*

The first count of the second amended declaration is as follows:

"That heretofore on to-wit, May 1936, the defendants were associated in a farming venture in St. Lucie County, Florida, and in furtherance of said undertaking the defendants did by and through their servant offer to transport the plaintiff to and from Okeechobee, Florida, and to and from the place in St. Lucie County, Florida, where the defendants were farming, and in addition thereto pay her $1.50 per day for each day she worked for the defendants. That the plaintiff accepted said offer of employment and transportation and was thereafter on to-wit: May 9, 1936, received by the servant of the defendants for transportation from said farm to Okeechobee, Florida, and with the knowledge and consent of the defendants and within the scope of said servant's employment. That plaintiff was under no duty to the defendants as their employee to accept said offer of transportation or ride on the conveyance they furnished, and plaintiff's duty and pay as an employee of the defendants ceased and was at an end when she terminated her labor in the field of the defendants and she was not on the day aforesaid when her labor in their field ceased in the employ of the defendants,

nor was she to be paid for the time consumed in her transportation to and from work. That thereafter on the day and date last aforesaid and at which time plaintiff had elected to accept said offer to transport her and had been received with the knowledge and consent of the defendant's servant and in the scope of his employment, as a passenger on the flat bodied motor truck furnished by the defendants for said conveyance and at which time said truck was under the sole control and operation of the servant of the defendants and said truck was proceeding in a westerly direction over and upon State Road No. 8. That plaintiff was at that time a minor girl of the age of fourteen (14) years and the defendant's servant was under a duty to use extra care in transporting a girl of her age, and plaintiff was sitting on the right hand side of said truck immediately behind the cab of said truck with her legs hanging down and her position and situation was known to the defendant's servant, the driver of said truck, but regardless of the duty of the defendant's servant to use care in the operation of said motor vehicle, and to safely transport her under said contract of carriage as aforesaid, the said servant of the defendants drove said truck in a reckless and negligent manner and drove said truck on and upon the rails of a bridge located on said State Road No. 8, in the western portion of St. Lucie County and by reason of the reckless and negligent driving of the said motor truck by the defendant's servant, the plaintiff was injured, her leg was torn and lacerated, the muscles and flesh torn from her leg, the bone in her left leg broken, she suffered great loss of blood, great physical and mental pain and anguish, was for a long time sick and disordered, and prevented from attending to her affairs, and is permanently disabled and crippled, and will in the future after she reaches her majority be disabled to earn

her livelihood, or greatly hampered by reason of her crippled condition."

The second count is to the same effect.

The demurrer was correctly sustained to these counts because neither count sufficiently states a cause of action but they are each sufficient to show that plaintiff may have a good cause of action if properly stated and, therefore, the demurrer should have been sustained, with leave to amend.

Undoubtedly, the general rule is as stated in 39 C. J. 556, as follows:

The general rule is that employees, while being carried as a part of their contract of service to and from their places of work are, subject to the rules recognized in the particular jurisdiction as to the existence of the relation, fellow servants of other employees and not passengers. There need not be an express agreement for such carriage, nor need it be necessary that the employee ride upon a particular conveyance, nor does the rule cease to apply by reason of the mere fact that the carriage is had after the day's work has ceased. In a few cases, however, it has been held that a servant riding to and from work in the master's train is not a fellow servant with the crew thereof, because not in the same department of service, or because the duty of the employer to exercise due care to secure safe transportation of the employee is nondelegable."

There are exceptions to this rule.

"The fact that the servant who sustained the injuries which constitute the ground of complaint is a minor will not prevent the application of the fellow servant doctrine, if he has sufficient capacity to take care of himself and knows and can properly appreciate the risk. The doctrine does not, however, apply if by reason of his tender years

.the employee is. incapable of appreciating the dangers and hazards of his employment."

The plaintiff when injured was a minor of tender years. If the employer contracted to furnish transportation to .convey her to and from work that obligation carried with .it the obligation to furnish safe transportation at least insofar as the mechanical fitness of the vehicle and a safe place to ride was involved. The allegations are sufficient to indicate that no safe place was furnished plaintiff where she could ride on the truck without danger of injury and that she was allowed to occupy a place of danger and exposed to great hazard.

So the judgment sustaining the demurrer should be affirmed insofar as it sustains the demurrer, but the judgment thereupon being entered in favor of the defendant should be reversed on condition that plaintiff amend her declaration within ten days after the filing of the mandate of this Court in the court below and, failing to do so, the entire judgment stands affirmed. See Sec. 2918 R. G. S., 4637 C. G. L. The costs incident to this review on wr.t of error should be taxed equally against the parties. It is so ordered.

TERRELL, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.

THOMAS, J., disqualified.